IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BIRMINGHAM AIRPORT AUTHORITY,** | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | | 2:05-cv-01322-JHH |
| | ) | |
| **AMERICAN CONTRACTORS INDEMNITY COMPANY, INC.,** | ) | |
| | ) | |
| DEFENDANT. | ) | |
| -------------------- | | |
| **AMERICAN CONTRACTORS INDEMNITY COMPANY, INC.,** | ) | |
| | ) | |
| Counter-Claimant | ) | |
| | ) | |
| vs. | ) | |
| | | |
| **BIRMINGHAM AIRPORT AUTHORITY,** | ) | |
| | ) | |
| Counter-Defendant | ) | |
| -------------------- | | |
| **AMERICAN CONTRACTORS INDEMNITY,** | ) | |
| | ) | |
| Third-Party Plaintiff, and Counter-Defendant | ) | |
| | | |
| vs. | | |
| | | |
| **KELLEY CONTRACTING, INC.; HUMPHRIES KELLEY; MARY ANN KELLEY; and IMDC CIVIL JOINT VENTURE, INC.** | ) ) ) | |
| Third-Party Defendants. | | |
| -------------------- | | |
| **KELLEY CONTRACTING, INC.,** | ) | |
| Counter-Claimant, | ) | |
| V. | ) | |
| **BIRMINGHAM AIRPORT AUTHORITY,** | ) | |
| Counter-Defendant, | ) | |

**MEMORANDUM OF DECISION**

The court has before it the motion (Doc. #40) of the original plaintiff and cross-claim defendant, Birmingham Airport Authority, to dismiss the cross-claim[1] against it by Kelley Contracting, Inc., originally joined in this action by the defendant as a third-party defendant.  Pursuant to the February 24, 2006 order (Doc. #41), the motion to dismiss is now under consideration.  The court also has before it the March 17, 2006 response (Doc. #42) of Kelley Contracting to the motion, the March 24, 2006 reply (Doc. #43) of Birmingham Airport in support of the motion, and the September 8, 2006 supplemental submission of Birmingham Airport (Doc. #60) in support of its motion (Doc. #40) to dismiss.

The counterclaim is for the alleged breach by Birmingham Airport of a contract (the "Contract") it entered into with Kelley Contracting on December 4, 2002[2] for a construction project known as "Runway 6-24 Obstruction Removal Construction Package No. 4 - Electrical Vault" (the "Project") and for an accounting for Contract funds.  Kelley Contracting assigned all its rights under the Contract to ACIC as part of a general indemnity agreement dated June 10, 2002

---

[1] As noted in the February 24, 2006 order (Doc. #41), the claim is more appropriately called a counterclaim.  The court will hereafter refer to it as a counterclaim.

[2] A copy of the contract is a part of Exhibit A to the third-party complaint (Doc. #5) filed by American Contractors Indemnity Company (ACIC) against Kelley Contracting and others on June 17, 2005.

2

(the "Indemnity Agreement") it executed and delivered to ACIC in connection with the execution and delivery by ACIC of a surety bond to Birmingham Airport naming Kelley Contracting as principal obligor for the performance by Kelley Contracting of the Contract for the Project.[3]  The court notes that Kelley Contracting does not dispute that it executed the Contract or the Indemnity Agreement associated with the surety bond ACIC executed and delivered to Birmingham Airport naming Kelley Contracting as principal obligor for the performance by Kelley Contracting of the Contract for the Project.  Any argument by Kelley Contracting that the issue raised by Birmingham Airport in its motion to dismiss cannot be raised by a motion to dismiss has no merit.  See Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005).

The motion (Doc. #40) to dismiss argues that Kelley Contracting has no standing to pursue its claims against Birmingham Airport in the counterclaim (Doc. #35) because Kelley Contracting by the Indemnity Agreement transferred to ACIC the right to bring such a claim.  The court agrees.  In order to have standing an individual must first have suffered an injury in fact that is concrete, particularized and actual or imminent, not conjectural or hypothetical.  Also, it

---

[3] A copy of the June 10, 2002 indemnity agreement is also a part of Exhibit A to the third-party complaint (Doc. #5).

must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.  <u>Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.</u>, 528 U.S. 167, 180-81 (2000); <u>Alabama v. U.S. Army Corps of Engineers</u>, 424 F.3d 1117, 1130 (11th Cir. 2005).  All the contractual rights Kelley Contracting obtained in connection with the Contract were assigned by it on June 10, 2002 to ACIC by the Indemnity Agreement.  ACIC bargained away such contractual rights to Birmingham Airport when it and Birmingham Airport settled all claims and counterclaims asserted herein by Birmingham Airport against ACIC and by ACIC against Birmingham Airport.  <u>See</u> Joint Motion for *Pro Tanto* Dismissal with Prejudice (Doc. #55).

 The motion (Doc. #40) of Birmingham Airport to dismiss the cross-claim/counterclaim against it by Kelley Contracting will be granted by separate order.

 The only claims remaining in this case are those asserted by American Contractors Indemnity Company, Third-Party Plaintiff, versus Kelley Contracting, Inc., Humphries Kelley, and Mary Ann Kelley, Third-Party Defendants.  The remaining parties are **DIRECTED** to limit the style of the case as such.

 **DONE** this the ⎯⎯25th⎯⎯ day of September, 2006.

*/s/ James H. Hancock*
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
   SENIOR UNITED STATES DISTRICT JUDGE